**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **CARLOS FONSECA.** | ) | **CASE NO.1:15CV159** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant United States of America's Motion to Dismiss (ECF # 13).  Plaintiff did not file a response.  For the following reasons, the Court grants Defendant's Motion.

This case is a refiling of a Complaint that was dismissed previously by the Court.  Plaintiff filed a Complaint under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, alleging medical malpractice by the Department of Veterans Affairs. (*See Fonseca v. United States*, No. 1:13-CV-01710  (N.D. Ohio filed Aug. 7, 2013)). However, Plaintiff did not include an Affidavit of Merit with the Complaint as required by Ohio R. Civ. P. 10(D)(2).  Accordingly, the United States moved to dismiss the case.  After full briefing by the parties, the Court granted the United States' Motion to Dismiss, in part, on December 23, 2013, and ordered the Plaintiff to file an Affidavit of Merit within thirty days of the Court's Order.  The Court informed Plaintiff that failure to file the Affidavit of Merit would result in dismissal.  Plaintiff never filed an Affidavit

1

of Merit, and, as a result, the Court dismissed his case without prejudice on January 24, 2014.

On January 26, 2015, Plaintiff re-filed his Complaint against the United States. This Complaint is identical to the previous Complaint dismissed by the Court.  Again, Plaintiff failed to attach an Affidavit of Merit as required by Rule 10(D)(2).

## STANDARD OF REVIEW

In deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation.  *Id.* at 555... A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)).  That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## ANALYSIS

Once again, Plaintiff has failed to file an Affidavit of Merit as required by Ohio R. Civ. P. 10(D)(2).

Ohio R. Civ. P. 10(D)(2)(a) provides, in relevant part:

> Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim,…shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence.

Ohio R. Civ. P. 10(D)(2)(a).

This Court held previously that Rule 10(D)(2) is a substantive requirement for purposes of FTCA medical malpractice claims and dismissed Plaintiff's first Complaint.  However, even if Plaintiff could provide an Affidavit of Merit, his Complaint is still subject to dismissal because it was filed beyond the statute of limitations set forth in the FTCA.  Specifically, a plaintiff asserting a claim under the

3

FTCA must follow an administrative claims process and adhere to the statute of limitations under 28 U.S.C. § 2401(b), which provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

In the instant case, Plaintiff's Complaint is barred pursuant to 28 U.S.C. § 2401(b) because it was filed beyond the six-month statute of limitations under the FTCA.  A final decision was rendered on Plaintiff's administrative claim on February 7, 2013.  The instant Complaint was filed January 26, 2015, which is more than twenty-three months after the final administrative decision and more than seventeen months late.  The Sixth Circuit has held that a complaint dismissed without prejudice does not toll the statute of limitations.  *See Holland v. United States*, No. 3:11-CV-387, 2012 WL 4442755, at *2 (S.D. Ohio Sept. 25, 2012) (citing *Wilson v. Grumman Ohio Corp.*, 815 F.2d 26, 28 (6th Cir. 1987)).

Plaintiff has failed to comply with the statute of limitations set forth in 28 U.S.C. § 2401(b) because this Complaint was filed more than six months after the final administrative decision.  Additionally, Plaintiff has once again failed to attach an Affidavit of Merit to this second Complaint.  Therefore, the Complaint is barred and Defendant's Motion to Dismiss is granted for failure to state a claim and/or for untimeliness.

4

**IT IS SO ORDERED.**

**s/ Christopher A.Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: October 29, 2015**